# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

Case No.     CV 15-01184-DDP (KK)          Date: February 20, 2015
                                            Page 1 of 5

Title:     Shai Alkebu-Lan v. Ron Davis

DOCKET ENTRY:     **ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED AS UNTIMELY**

PRESENT:

**HONORABLE KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE**

| Deb Taylor | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

ATTORNEYS PRESENT FOR PETITIONER:     ATTORNEYS PRESENT FOR RESPONDENT:

None Present                          None Present

**PROCEEDINGS: (IN CHAMBERS)**

On January 23, 2015,[1] Shai Alkebu-Lan ("Petitioner"), a California state prisoner proceeding pro se, constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody (the "Petition") pursuant to 28 U.S.C. § 2254. However, the Petition appears to be untimely on its face.

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), which effected amendments to the federal habeas statutes, applies to the instant Petition because Petitioner

---

[1] Under the "mailbox rule," a pleading filed by a pro se prisoner is deemed to be filed as of the date the prisoner delivered it to prison authorities for mailing, not the date on which the pleading may have been received by the court. See Houston v. Lack, 487 U.S. 266, 270, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988); Anthony v. Cambra, 236 F.3d 568, 574-75 (9th Cir. 2000). Here, the Court has calculated the filing date of the Petition pursuant to the mailbox rule because the Petition was signed on January 23, 2015. (See ECF Dkt. No. 1-1 at 1).

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Case No.    CV 15-01184-DDP (KK)    Date: February 20, 2015
            Page 2 of 5

Title:    Shai Alkebu-Lan v. Ron Davis

filed it after AEDPA's effective date of April 24, 1996. Lindh v. Murphy, 521 U.S. 320, 336, 117 S. Ct. 2059, 2068, 138 L. Ed. 2d 481 (1997). The AEDPA altered federal habeas litigation by imposing a specific time limit on the filing of federal habeas petitions. Calderon v. United States District Court (Beeler), 128 F.3d 1283, 1286 (9th Cir. 1997), overruled in part on other grounds, Calderon v. United States District Court (Kelly V), 163 F.3d 530, 540 (9th Cir. 1998). By creating the AEDPA limitations period, Congress intended to "'halt the unacceptable delay which ha[d] developed in the federal habeas process.'" Calderon v. United States District Court (Kelly III), 127 F.3d 782, 785 (9th Cir. 1997) (citation omitted), overruled in part on other grounds, Kelly V, 163 F.3d at 540.

Under 28 U.S.C. § 2244(d)(1), as amended, state prisoners have only one year in which to file their federal habeas petitions. The one-year limitations period prescribed by 28 U.S.C. § 2244(d)(1) begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). The applicable limitations period here is that set forth in 28 U.S.C. § 2244(d)(1)(A).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Case No.     CV 15-01184-DDP (KK)              Date: February 20, 2015
                                                Page 3 of 5

Title:          Shai Alkebu-Lan v. Ron Davis

      As indicated above, a petitioner ordinarily has one year from the date that his conviction becomes final to file a federal habeas petition. 28 U.S.C. § 2244(d)(1). A case becomes final with "the conclusion of direct review or the expiration of the time for seeking such review." Id.

      In this case, the California Court of Appeal affirmed Petitioner's convictions in a reasoned decision on direct appeal on August 25, 1999. A search of the California Supreme Court's records indicates Petitioner did not file a Petition for Review with the California Supreme Court, seeking discretionary review of the California Court of Appeal's decision. Hence, Petitioner's conviction would have become final on October 4, 1999, forty days after the California Court of Appeal's decision. See Brown v. Sisto, 303 F. App'x 458, 459 (9th Cir. 2008). Thus, under 28 U.S.C. § 2244(d)(1), the limitations period began to run the next day on October 5, 1999 and expired one year later, on **October 3, 2000**. The instant Petition was not constructively filed until January 23, 2015. Therefore, the instant Petition is untimely by over fourteen years, absent tolling.

      The AEDPA provides a statutory tolling provision that suspends the limitations period for the time during which a "properly filed" application for post-conviction or other collateral review is "pending" in state court. 28 U.S.C. § 2244(d)(2); Bonner v. Carey, 425 F.3d 1145, 1148 (9th Cir. 2005). However, the Supreme Court has explained that if a state habeas petition is not timely filed under the applicable state law, it is not "properly filed" and will not toll the AEDPA limitations period. See Pace v. DiGuglielmo, 544 U.S. 408, 417, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005). On collateral review, "intervals between a lower court decision and a filing of a new petition in a higher court," when reasonable, fall "within the scope of the statutory word 'pending,'" thus tolling the limitations period. Carey v. Saffold, 536 U.S. 214, 223, 122 S. Ct. 2134, 153 L. Ed. 2d 260 (2002).

      Here, Petitioner filed seventeen state habeas petitions: (1) a petition in the California Court of Appeal on August 9, 2000, which was denied on October 18, 2000; (2) a petition in the California Supreme Court on April 16, 2001, which was denied on September 26, 2001; (3) a petition in the California Court of Appeal on April 23, 2001, which was denied

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    CV 15-01184-DDP (KK)              Date: February 20, 2015
                                                                   Page 4 of 5

Title:         Shai Alkebu-Lan v. Ron Davis

on May 2, 2001; (4) a petition in the California Supreme Court on July 16, 2001, which was denied on September 26, 2001; (5) a petition in the California Court of Appeal on August 7, 2001, which was denied on August 28, 2001; (6) a petition in the California Court of Appeal on August 23, 2001, which was denied on September 4, 2001; (7) a petition in the California Court of Appeal on October 1, 2001, which was denied on October 9, 2001; (8) a petition in the California Supreme Court on February 25, 2002, which was denied on August 21, 2002; (9) a petition in the California Court of Appeal on March 16, 2005, which was denied on March 22, 2005; (10) a petition in the California Supreme Court on April 8, 2005, which was denied on March 29, 2006; (11) a petition in the California Court of Appeal on May 30, 2007, which was denied on July 27, 2007; (12) a petition in the California Supreme Court on September 28, 2007, which was denied on March 19, 2008; (13) a petition in the California Supreme Court on February 11, 2009, which was denied on June 10, 2009; (14) a petition in the California Supreme Court on February 22, 2010, which was denied on May 20, 2010; (15) a petition in the Los Angeles County Superior Court on July 18, 2014, which was denied on August 19, 2014; (16) a petition in the California Court of Appeal on September 9, 2014, which was denied on September 17, 2014; and (17) a petition in the California Supreme Court on October 24, 2014, which was denied on December 10, 2014.

However, even assuming these state habeas petitions were properly filed and Petitioner is entitled to statutory tolling for their pendency, the instant Petition would still be untimely by several years. Petitioner is advised that he bears the burden of proof to demonstrate that he is entitled to statutory tolling. See, e.g., Banjo v. Ayers, 614 F.3d 964, 967 (9th Cir. 2010) ("[The petitioner] bears the burden of proving that the statute of limitations was tolled.").

In addition to statutory tolling, the AEDPA limitations period may also be subject to equitable tolling if the Petitioner can demonstrate both: (1) that he has diligently pursued his rights; and (2) that some extraordinary circumstance stood in his way. See Holland v. Florida, 560 U.S.631, 130 S. Ct. 2549, 2562, 177 L. Ed. 2d 130 (2010). There are no allegations in the Petition suggesting Petitioner is entitled to equitable tolling. Petitioner is advised that he bears the burden of proof to demonstrate that he is entitled to equitable tolling. See Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002) (holding that habeas

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.     CV 15-01184-DDP (KK)                    Date: February 20, 2015
                                                     Page 5 of 5

Title:     Shai Alkebu-Lan v. Ron Davis

petitioners have the burden of proof to show equitable tolling).

As such, based upon the Petition as currently submitted, 28 U.S.C. § 2244(d)(1) appears to bar this action. Petitioner is therefore **ORDERED TO SHOW CAUSE,** within **fourteen (14) days** of the date of this Order**,** why this action should not be dismissed pursuant to the AEDPA one-year period of limitation.

**Instead of filing a response to the instant Order, Petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a). A Notice of Dismissal form is attached for Petitioner's convenience.** However, **Petitioner is advised that any dismissed claims may be later subject to the statute of limitations under 28 U.S.C. § 2244(d)(1), as amended by the AEDPA, "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."**

**Petitioner is expressly warned that failure to timely file a response to this Order will result in a recommendation that this action be dismissed with prejudice for his failure to comply with Court orders and failure to prosecute. See Fed. R. Civ. P. 41(b).**

The Clerk of Court is directed to serve a copy of this Order on Petitioner at his current address of record.