O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SHAI ALKEBU-LAN, | ) | Case No. CV 15-1184-DDP (KK) |
| Petitioner, | ) | |
| v. | ) | **MEMORANDUM AND ORDER SUMMARILY DISMISSING ACTION** |
| RON DAVIS, | ) | |
| Respondent. | ) | |

On January 23, 2015, Shai Alkebu-Lan ("Petitioner"), a California state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus by a Person in State Custody (the "Petition") pursuant to 28 U.S.C. § 2254, challenging the sentence imposed for his 1997 convictions for attempted murder, aggravated mayhem, and attempted aggravated mayhem, in Los Angeles County Superior Court. For the reasons discussed below, the Court finds the Petition untimely by several years. Accordingly, the Petition is dismissed with prejudice.

///

///

///

# I.

# **PROCEDURAL HISTORY**[1]

On December 13, 1997, following a jury trial in Los Angeles County Superior Court, Petitioner was convicted of: (1) attempted murder, in violation of California Penal Code sections 664 and 187; (2) aggravated mayhem, in violation of California Penal Code section 205; and (3) attempted aggravated mayhem, in violation of California Penal Code sections 664 and 205. Pet. at 2.[2]

On August 25, 1999, the California Court of Appeal affirmed Petitioner's convictions in a reasoned decision (in California Court of Appeal case no. B123720). Petitioner does not appear to have filed a petition for discretionary review of the appeal before the California Supreme Court.

As detailed further in Section II.B., Petitioner appears to have filed seventeen unsuccessful state habeas petitions after his direct appeal, between August 2000 and December 2014.

On January 23, 2015, Petitioner constructively[3] filed the instant Petition.

---

[1] In the Petition, Petitioner does not comprehensively recount his proceedings in state court. Hence, the Court's summary of the procedural history of the case relies on information found on the California Court of Appeal and California Supreme Court's websites.

[2] The Court's paginated references to the Petition reflect the page numbers appearing on the top of each page on CM-ECF.

[3] Under the "mailbox rule," a pleading filed by a *pro se* prisoner is deemed to be filed as of the date the prisoner delivered it to prison authorities for mailing, not the date on which the pleading may have been received by the court. See Houston v. Lack, 487 U.S. 266, 270, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988); Anthony v. Cambra, 236 F.3d 568, 574-75 (9th Cir. 2000). Here, the Court has calculated the filing date of the Petition pursuant to the mailbox rule because the

(continued...)

(ECF Docket No. ("dkt.") 1). On February 20, 2015, the Court issued an Order for Petitioner to Show Cause ("OSC") why the Petition was not untimely, notifying Petitioner the Petition was facially untimely and discussing various bases for tolling. (Dkt. 6). On March 2, 2015, Petitioner filed a Response to the Court's OSC.[4] (Dkt. 7). The matter thus stands submitted and ready for decision.

## II.

## DISCUSSION

The instant Petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the Court must apply the requirements for habeas relief set forth in AEDPA when reviewing the Petition. Soto v. Ryan, 760 F.3d 947 (9th Cir. 2014) (citing Lindh v. Murphy, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997)). AEDPA contains a one-year statute of limitations for a petition for writ of habeas corpus filed in federal court by a person in custody pursuant to a judgment of a state court. 28 U.S.C. § 2244(d)(1) ("Section 2244(d)(1)").

**A.  Petitioner Did Not File His Petition Within AEDPA's One-Year Limitations Period**

AEDPA's one-year limitations period commences on the date a petitioner's conviction becomes "final." 28 U.S.C. § 2244(d)(1)(A).[5] Because Petitioner does

---

[3](...continued)
Petition was signed on January 23, 2015. See Dkt. 1-1 at 1.

[4] By way of the OSC, the Court finds Petitioner has already received notice and an opportunity to show cause why the Petition should not be dismissed as time-barred.

[5] The limitations period under Section 2244(d)(1) may also commence on
(continued...)

3

not appear to have filed a petition for discretionary review of his appeal by the California Supreme Court, Petitioner's conviction became final on October 4, 1999—forty days after the California Court of Appeal's decision disposing of Petitioner's direct appeal. See Brown v. Sisto, 303 F. App'x 458, 459 (9th Cir. 2008). Thus, under 28 U.S.C. § 2244(d)(1), the limitations period began to run the next day on October 5, 1999 and expired one year later, on October 3, 2000. The instant Petition was not constructively filed until January 23, 2015. Therefore, the instant Petition is untimely by over fourteen years under Section 2244(d)(1), absent tolling.

**B.      Statutory Tolling Does Not Render The Petition Timely**

AEDPA sets forth a statutory tolling provision which suspends Section 2244(d)(1)'s limitations period for the time during which a "properly filed" application for post-conviction or other collateral review is "pending" in state court. 28 U.S.C. § 2244(d)(2); Pace v. DiGuglielmo, 544 U.S. 408, 410, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005).

Here, Petitioner appears to have filed seventeen unsuccessful state habeas petitions prior to filing the instant Petition: (1) a petition in the California Court of Appeal on August 9, 2000, which was denied on October 18, 2000; (2) a petition in the California Supreme Court on April 16, 2001, which was denied on September 26, 2001; (3) a petition in the California Court of Appeal on April 23, 2001, which was denied on May 2, 2001; (4) a petition in the California Supreme Court on July 16, 2001, which was denied on September 26, 2001; (5) a petition in the California Court of Appeal on August 7, 2001, which was denied on August

---

⁵(...continued)
dates set forth in 28 U.S.C. § 2244(d)(1)(B), (C), and (D). None of these provisions are applicable here.

4

28, 2001; (6) a petition in the California Court of Appeal on August 23, 2001, which was denied on September 4, 2001; (7) a petition in the California Court of Appeal on October 1, 2001, which was denied on October 9, 2001; (8) a petition in the California Supreme Court on February 25, 2002, which was denied on August 21, 2002; (9) a petition in the California Court of Appeal on March 16, 2005, which was denied on March 22, 2005; (10) a petition in the California Supreme Court on April 8, 2005, which was denied on March 29, 2006; (11) a petition in the California Court of Appeal on May 30, 2007, which was denied on July 27, 2007; (12) a petition in the California Supreme Court on September 28, 2007, which was denied on March 19, 2008; (13) a petition in the California Supreme Court on February 11, 2009, which was denied on June 10, 2009; (14) a petition in the California Supreme Court on February 22, 2010, which was denied on May 20, 2010; (15) a petition in the Los Angeles County Superior Court on July 18, 2014, which was denied on August 19, 2014; (16) a petition in the California Court of Appeal on September 9, 2014, which was denied on September 17, 2014; and (17) a petition in the California Supreme Court on October 24, 2014, which was denied on December 10, 2014.

However, even assuming all seventeen of these state habeas petitions were properly filed and that Petitioner is entitled to statutory tolling for their pendency, the instant Petition would still be untimely. The instant Petition was filed over fourteen years after the AEDPA limitations period lapsed. Even assuming Petitioner is entitled to statutory tolling for the pendency of his seventeen state habeas petitions, the AEDPA limitations period would only be tolled for approximately three years.[6] This is far short of the amount of time necessary to

---

[6] Admittedly, because the Court does not have copies of Petitioner's state
(continued...)

5

1  render the Petition timely.  Thus, statutory tolling does not render the Petition
2  timely.
3  **C.    Petitioner Has Not Satisfied His Burden To Demonstrate He Is Entitled**
4        **To Equitable Tolling**
5     In addition to the statutory tolling provided for by Section 2244(d)(2), the
6  "AEDPA limitations period may be tolled" when it is "equitably required."  Doe v.
7  Busby, 661 F.3d 1001, 1011 (9th Cir. 2011) (citations omitted).  The "threshold
8  necessary to trigger equitable tolling [under AEDPA] is very high."  Bills v. Clark,
9  628 F.3d 1092, 1097 (9th Cir. 2010) (citation and internal quotation marks
10 omitted).  The "extraordinary circumstances" requirement means equitable tolling
11 will not be available in most cases.  Calderon v. U.S. Dist. Ct. (Beeler), 128 F.3d
12 1283, 1288 (9th Cir. 1997), overruled on other grounds by Calderon v. U.S. Dist.
13 Ct. (Kelly), 163 F.3d 530 (9th Cir. 1998) (*en banc*) (internal quotation marks
14 omitted).  "The Supreme Court and the policies behind AEDPA require that
15 equitable tolling be used only to protect diligent petitioners facing extraordinary
16 circumstances that prevent them from timely filing federal habeas petitions."
17 Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1014 (9th Cir. 2009) (citing Pace,
18 544 U.S. at 417).
19    A petitioner "bears a heavy burden to show that [he] is entitled to equitable
20 tolling, lest the exceptions swallow the rule."  Rudin v. Myles, ___ F.3d ___, 2014

---

[6](...continued)
habeas petitions, its calculation of the total amount of statutory tolling Petitioner is entitled to is based on the *actual* filing date of these petitions and not the *constructive* filing date.  However, even if the Court were to look to the constructive filing date of the petitions when calculating statutory tolling, the Petition—filed fourteen years after the lapse of the limitations period—would still be untimely.

WL 4435950, at *8 (9th Cir. 2014) (internal citation and quotation marks omitted). "The petitioner must establish two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Rasberry v. Garcia, 448 F.3d 1150, 1153 (9th Cir. 2006) (internal citation and quotation marks omitted). Conclusory "assertions rarely suffice to meet the burden of demonstrating entitlement to equitable tolling." Williams v. Dexter, 649 F. Supp. 2d 1055, 1062 (C.D. Cal. 2009) (internal citation omitted).

Here, Petitioner has not alleged any facts entitling him to equitable tolling. Accordingly, the Court holds the Petition is untimely under 28 U.S.C. section 2244(d)(1) and must be denied.

## III.
## ORDER

Based upon the foregoing reasons, the Court finds the Petition must be dismissed as untimely under 28 U.S.C. § 2244(d)(1).

ACCORDINGLY, IT IS HEREBY ORDERED that Judgment be entered summarily dismissing this action with prejudice.

DATED: 5/5/15

_____
HONORABLE DEAN D. PREGERSON
UNITED STATES DISTRICT JUDGE

Presented by:

_____
KENLY KIYA KATO
UNITED STATES MAGISTRATE JUDGE

7